Filed 4/21/22  P. v. Hart CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JOEL ROBERT HART,<br><br>    Defendant and Respondent. | 2d Crim. No. B311264<br>(Super. Ct. No. 1501773)<br>(Santa Barbara County) |

The People appeal a trial court order finding that the court lacked jurisdiction to decide alleged probation violations by defendant Joel Robert Hart.  Hart was convicted of violating Penal Code section 273.5, subdivision (a) and was placed on probation for five years.[1]

We conclude, among other things, that the retroactive application of Assembly Bill No. 1950 (Assem. Bill No. 1950) that shortened probation terms does not divest the trial court of jurisdiction to decide whether Hart committed probation

_____

[1] All statutory references are to the Penal Code.

violations occurring during the period when he was on probation. We reverse.

FACTS

Hart was convicted of violating section 273.5, subdivision (a) on July 8, 2016. He was placed on five years' probation.

On November 9, 2020, the People filed a notice of probation violation with a scheduled hearing date of November 12, 2020. They alleged, among other things, that Hart did not report to the probation department, his whereabouts were "unknown," and he did not attend a court-ordered treatment program.

On November 12, 2020, the trial court summarily revoked Hart's probation and scheduled a probation violation hearing on November 19, 2020. On November 19, the court continued the case to December 3, 2020. On December 3, the court continued the case to January 5, 2021. The case was continued again to January 7, and then to January 14.

Hart moved to terminate probation as expired. He claimed Assem. Bill No. 1950, which was passed by the Legislature and signed by the Governor on September 30, 2020, reduced his probation term to four years.

The trial court continued the case to January 19, 2021. At that hearing the People argued that Hart's violations "occurred in November of 2020" and his probation "was revoked." At that time Assem. Bill No. 1950 was not the law.

The trial court ruled that in light of Assem. Bill No. 1950 it did not have jurisdiction. Hart's violation of probation occurred "after the expiration of the four years" as the "maximum term of his probation" required by Assem. Bill No. 1950.

DISCUSSION

*The Impact of Assem. Bill No. 1950*

The People contend Assem. Bill No. 1950 did not change the trial court's authority to consider Hart's November 2020 probation violations because they occurred within his five-year period of supervised probation starting on July 8, 2016.

Hart claims that at the January 19, 2021, hearing, Assem. Bill No. 1950 was in effect and the trial court applied it retroactively to reduce his probation period from five years to four years. His probation term expired on July 8, 2020, four months before the alleged violations.

"Assembly Bill No. 1950, signed by the Governor on September 30, 2020, and effective on January 1, 2021 (Stats. 2020, ch. 328, § 2), reduces felony probation terms . . . ." (*People v. Quinn* (2021) 59 Cal.App.5th 874, 879.) Hart was convicted of violating section 273.5, subdivision (a), and on July 8, 2016, the trial court placed him on five years' probation. Assem. Bill No. 1950 placed a limitation on probation terms for various felonies so they would "not exceed[] the maximum possible term of the sentence." (§ 1203.1, subd. (l)(1).)

The parties note that "[s]ince the maximum sentence for a violation of section 273.5(a) is four years, *following the implementation of [Assem. Bill No.] 1950* the maximum term of probation for [Hart] in this case is four years." (Italics added.)

But the People contend that because Assem. Bill No. 1950 did not take effect until January 1, 2021, the trial court had jurisdiction to adjudicate Hart's November 2020 probation violations on January 19, 2021.

Hart claims he was entitled to the retroactive application of Assem. Bill No. 1950 because his probation violation case was not

3

final at the January 19, 2021, hearing.  He argues the Legislature intended to prohibit courts from applying the former longer probation periods after Assem. Bill No. 1950's effective date of January 1, 2021.

"The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*In re Estrada* (1965) 63 Cal.2d 740, 745.)  Where the criminal proceeding brought against a defendant is "not complete when the ameliorative legislation at issue took effect," it is not final under *Estrada*.  (*People v. Esquivel* (2021) 11 Cal.5th 671, 678.)

"Assembly Bill 1950 applies retroactively to a specific class of persons – i.e., defendants whose probation has not been revoked and terminated.  For such persons, Assembly Bill 1950 acts in mitigation by shortening their probation terms regardless of when those terms were established." (*People v. Faial* (2022) 75 Cal.App.5th 738, 746.)

But "[t]here is no indication that Assembly Bill 1950 was intended to extinguish a defendant's accountability for probation violations, or to otherwise invalidate revocation and termination orders predating January 1, 2021." (*People v. Faial*, *supra*, 75 Cal.App.5th at p. 746.)  "Had the Legislature intended to overturn pre-2021 revocation and termination orders that were based on violations committed while defendants were validly on probation, . . . we may assume the Legislature could have demonstrated that intent through statutory language and would have at least mentioned the matter in the various legislative analyses of the bill. It did not." (*Id*. at p. 745.)

4

The goal of Assem. Bill No. 1950 "would not be served by a retroactive interpretation that gives a . . . probationer a free pass for a violation that already prompted summary revocation," as here, while the probationer "was properly on probation under then-prevailing law." (*Kuhnel v. Appellate Division of Superior Court* (2022) 75 Cal.App.5th 726, 736.)  Because Hart "was validly on probation when [his] probation was summarily revoked, section 1203.2(a) by its terms tolls the running of the probationary period until a formal probation hearing occurs." (*Ibid*.)  Assem. Bill No. 1950 does not "retroactively . . . divest courts of the jurisdiction section 1203.2(a) confers."  (*Ibid*.) Consequently, the trial court had jurisdiction to determine whether Hart violated his probation terms.

DISPOSITION

The order is reversed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

Von Deroian, Judge

Superior Court County of Santa Barbara

_____

Joyce E. Dudley, District Attorney, Marguerite Clipper Charles, Deputy District Attorney, for Plaintiff and Appellant.

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Respondent.